1 CIT ATTY

FILED
DALLAS COUNTY
1/7/2016 3:00:45 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

CAUSE NO. DC-16-00159

| | | |
|---|---|---|
| 126 GANNON PLAZA, LLC<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| versus | §<br>§ | DALLAS COUNTY, TEXAS |
| SENECA INSURANCE COMPANY<br>Defendant | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, plaintiff, 126 GANNON PLAZA, LLC (hereinafter sometimes referred to as "GANNON" or "Plaintiff"), who files this original petition against defendant, SENECA INSURANCE COMPANY (hereinafter sometimes referred to as "SIC" or "Defendant"), and for cause of action would show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

2. Plaintiff seeks in excess of $100,000.00.

### B. PARTIES

3. 126 GANNON PLAZA, LLC is a Texas limited liability company, with its principal place of business in Dallas County, Texas.

4. SENECA INSURANCE COMPANY is a foreign insurance company licensed to do business in the State of Texas, with its principal place of business in New York, New York. Service may be had on SENECA INSURANCE COMPANY via Certified Mail, Return Receipt Requested to: James Isbell, 1 Riverway, Suite 1400, Houston, Texas 77056-1988.

### C. JURISDICTION

**EXHIBIT C-1**

5. This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6. The court has jurisdiction over the defendants because SIC:

   a. is authorized to do insurance business in the state of Texas;

   b. engages in the business of insurance in Texas;

   c. the cause of action arises out of its business activities in Texas.

### D. VENUE

7. Venue is proper in Dallas County, Texas because:

   a. The property which was insured by SIC, and which sustained damages as a result of the storm made the basis of this suit, is located in Dallas County, Texas;

   b. The damage to GANNON for which it made a claim to SIC for insurance proceeds was incurred in Dallas County, Texas as a result of a wind and hail storm that traveled through Dallas County, Texas;

   c. This case involves a breach of contract where the breach occurred in Dallas County, Texas;

### E. FACTS

8. GANNON is the owner of a Texas commercial insurance Policy issued by SIC with Policy No. CMP4800182 (hereinafter sometimes referred to as "Policy") for the Policy period of 03/03/2013 through 03/03/2014. GANNON owns the insured property located at 7401 Westmoreland Road, Dallas, Texas 75237 (hereinafter sometimes referred to as "Building").

9. SIC sold the Policy insuring the Building for damages resulting from wind and hail, including, without limitation, the physical damage, loss of income and expenses of processing the claim, all of which are more particularly described in the Policy. GANNON paid all premiums when due and was issued the Policy, which was in full force and effect at the time

that the damages were sustained as a result of a wind and hail storm, which occurred on or about March 30, 2013, (hereinafter sometimes referred to as "Storm").

10. As a result of the Storm, which struck the Dallas, Texas area, including GANNON'S Building, on or about March 30, 2013, GANNON suffered losses covered under the Policy. The Building sustained severe damages, which required temporary repairs. GANNON sustained damages for mitigation of damages to its roof. GANNON continues to suffer damages, which are covered under the Policy.

11. After the Storm, GANNON reported a claim to SIC and hired a public insurance adjuster. GANNON submitted to SIC the construction bid of Sun Coast Claims in the total amount of $1,506,406.78. SIC only paid zero dollars on the claim.

12. Since SIC has denied the claim, it is obvious that SIC had all the information in its possession that it reasonably required to accept or reject the claim.

13. GANNON paid premiums to SIC in exchange for SIC agreeing to pay for all covered damages as a result of a covered event such as this hailstorm. SIC has failed to pay for all covered damages and, therefore, is guilty of breach of contract.

14. SIC has paid zero dollars on the claim. As per the Prompt Payment Act in Section 542, all damages recovered by GANNON are subject to 18% interest per annum from about March 2013 until the date paid.

### F. CAUSES OF ACTION

#### COUNT I
#### BREACH OF CONTRACT BY SIC

15. Paragraphs 1 through 14 are incorporated by reference.

16. GANNON has actually or effectively met all conditions precedent necessary for filing this claim, or in the alternative, SIC has waived any argument that conditions precedent were not met.

17. The conduct of SIC, as described above, constitutes a breach of the insurance contract made between SIC and GANNON.

18. SIC' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of THE POLICY and under the laws of the State of Texas, constitutes material breaches of the insurance contract with GANNON. SIC' breach of the contract proximately caused GANNON to suffer damages in the form of actual damages, consequential damages, along with reasonable and necessary attorney's fees. GANNON has complied with all obligations and conditions required of it under the insurance contract.

## COUNT II
## THE FAILURE OF SIC TO COMPLY WITH TEXAS INSURANCE CODE CHAPTER 542: THE PROMPT PAYMENT OF CLAIMS ACT

19. Paragraphs 1 through 18 are incorporated by reference.

20. GANNON has actually or effectively met all conditions precedent necessary for filing this claim, or in the alternative, SIC has waived any argument that conditions precedent were not met.

21. SIC's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*, TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

22. SIC's failure, described above, to commence investigation of the claims and request from GANNON all items, statements and forms that they reasonably believe would be

required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Section 542.055-542.060.

23. SIC's delay of payment of GANNON's claims, described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time prescribed for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

### G. REQUEST FOR DISCLOSURE

24. Paragraphs 1 through 23 are incorporated by reference.

25. Pursuant to TRCP Rule 194, GANNON requests that defendants disclose the materials described in TRCP Rule 194.2.

### H. DAMAGES AND PRAYER

26. Paragraphs 1 through 25 are incorporated by reference.

27. The conduct of SIC, breaching it's contract with GANNON, as described herein, was a producing cause of GANNON's economic damages. As a result, GANNON suffered economic damage and expenses for which SIC is liable.

28. WHEREFORE, PREMISES CONSIDERED, plaintiff herein, GANNON, prays that defendants, SIC be cited to appear and answer, and that on a final trial on the merits, plaintiffs recover from defendants as follows:

29. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

30. For breach of contract, GANNON is entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorney's fees.

31.  For non-compliance with the *Texas Prompt Payment of Claims Act*, GANNON is entitled to the amount of its damages, as well as 18% interest per annum, post judgment interest, as allowed by law, and for any other further relief, either at law or in equity to which they may show themselves to be justly entitled.

32.  For any and all other damages, including, but not limited to, pre-judgment and post-judgment interest, to which GANNON may be entitled, both in equity and at law.

Respectfully submitted,

**MERLIN LAW GROUP**

/s/ *Patrick Connell McGinnis*
Patrick C. McGinnis
State Bar No: 13631900
Three Riverway, Suite 1375
Houston, Texas 77056
Telephone No.: (713) 626-8880
Telecopier No.: (713) 626-8881
pmcginnis@merlinlawgroup.com

/s/ *Phillip N. Sanov*
Phillip N. Sanov
State Bar No: 17635950
Three Riverway, Suite 1375
Houston, Texas 77056
Telephone No.: (713) 626-8880
Telecopier No.: (713) 626-8881
psanov@merlinlawgroup.com

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

/s/ *Patrick Connell McGinnis*