UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 126 GANNON PLAZA, LLC | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-cv-0407-M |
| | § | |
| SENECA INSURANCE COMPANY | § | |
|     Defendant. | § | |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to the Court's Order Requiring Scheduling Conference And Report For Contents of Scheduling Order [Doc. 5], Plaintiff 126 Gannon Plaza, LLC ("Gannon Plaza") and Defendant Seneca Insurance Company ("Seneca") (together, the "Parties") hereby submit to the Court this Joint Report Regarding Contents of Scheduling Order ("Joint Report"):

Pursuant to the Order, counsel for the Parties conferred on March 15, 2016.

**(1)** **A brief statement of the claims and defenses**.

The Parties incorporate their live pleadings and any discovery exchanged to date. However, the Parties state:

This case involves a dispute between Gannon Plaza and Seneca, its commercial property insurer, related to property damages alleged sustained at 7401 Westmoreland Road, Dallas, Texas 75237. Gannon Plaza contends that a storm struck the property on or about March 30, 2013, and that it suffered losses covered under the Seneca Policy. After the storm, Gannon Plaza reported the claim to Seneca and retained a public adjuster. The public adjuster, Sun Coast Claims, submitted a repair estimate in the amount of $1,506,406.78. Gannon Plaza contends that Seneca improperly refused to pay the amount of its repair estimate. Gannon Plaza asserts that the alleged failure to pay constitutes: (1) a breach of contract; and (2) a violation of Chapter 542 of the Texas Insurance Code.

Seneca generally disputes the facts Gannon Plaza asserts against it. Seneca specifically contends that any damage to the roofs of the insured buildings predated the date of loss or was not caused by a loss covered under its Policy. To the extent that a covered loss did occur, Seneca asserts that the exclusions and conditions (including the co-insurance penalty) limit or preclude recovery for this claim. Because Seneca has not committed a breach of contract, it also cannot be liable for any extra-contractual damages.

**(2)   A proposed time limit to file motions for leave to join other parties.**

April 29, 2016

**(3)   A proposed time limit to amend the pleadings.**

July 16, 2016

**(4)   Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days).**

| | |
|---|---|
| *Daubert* Challenges | December 16, 2016 |
| Dispositive Motions | January 27, 2017 |
| All Other Motions | April 15, 2017 |

**(5)   A proposed time limit for initial designation of experts.**

| | |
|---|---|
| Plaintiff's Designation of Expert Witnesses | September 16, 2016 |
| Defendant's Designation of Expert Witnesses | October 14, 2016 |

**(6)   A proposed time limit for responsive designation of experts.**

November 18, 2106

**(7)   A proposed time limit for objections to experts (i.e. Daubert and similar motions).**

December 16, 2016

**(8)   A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The Parties will exchange written discovery requests on or before May 6, 2016, and will attempt to complete all necessary depositions prior to September 2, 2016.  In any event, the Parties believe that factual discovery can be complete by October 28, 2016.

If the Parties are unable to resolve the case prior to the designation of expert witnesses, the Parties will attempt to complete all expert depositions prior to December 1, 2016. The Parties also believe that December 1, 2016 is appropriate for completion of expert discovery.

2387286v1
01446.137

The topics for discovery will include: (1) evidence related to the losses claimed by Gannon Plaza; (2) evidence related to Seneca's coverage defenses, including the co-insurance penalty, and all appropriate Policy exclusions; (3) the valuation of the three buildings located at the insured property; (4) any hail or weather events that occurred prior to the storm forming the basis for this case; (5) upkeep and maintenance of the buildings at issue; (6) all expert materials supporting each party's claims or defenses.

The Parties believe that the schedule described above creates the necessary phases for the prompt resolution of the case.

**(9)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties believe that the current limitations are appropriate, but will promptly advise whether any changes should be made as the case progresses.

**(10)** **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI**.

The Parties do not believe that ESI discovery will be necessary in this case.

**(11)** **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

None at this time.

**(12)** **A proposed trial date, estimated number of days required for trial and whether jury has been demanded.**

May 15, 2017

The Parties currently estimate that five days will be necessary for trial. Plaintiff has demanded a jury.

**(13)** **A proposed date for further settlement negotiations.**

February 17, 2017

**(14)** **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made**.

None at this time.

**(15)** **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Renèe Harris Toliver (consent form attached).**

The Parties respectfully do not consent.

**(16)** **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties do believe that mediation will be effective, and have agreed to use Ron Wardell as mediator.

**(17)** **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

None at this time.

**(18)** **Whether a conference with the Court is desired.**

The Parties do not believe that a conference is necessary.

**(19)** **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None at this time.

Respectfully submitted,

MERLIN LAW GROUP

By:   /s/ *Mr. Patrick McGinnis*   (by permission)
     Mr. Patrick McGinnis
     State Bar No. 13631900
     pmcginnis@merlinlawgroup.com
     Phillip N. Sanov
     State Bar No. 17635950
     psanov@merlinlawgroup.com
Three Riverway, Suite 1375
Houston, Texas  77056
Telephone:  (713) 626-8880
Telecopy:  (713) 626-8881

**ATTORNEYS FOR PLAINTIFF 126 GANNON PLAZA, LLC**

- and -

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ *Christopher H. Avery*
James N. Isbell
State Bar No. 10431900
jisbell@thompsoncoe.com
Christopher H. Avery
State Bar No. 24069321
cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8387
Telecopy: (713) 403-8299

Local Counsel:
Travis M. Brown
State Bar No. 24061890
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: tbrown@thompsoncoe.com

**ATTORNEYS FOR**
**SENECA INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2016, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

Mr. Patrick McGinnis
Mr. Phillip Sanov
Merlin Law Group
Three Riverway, Suite 1375
Houston, Texas 77056

/s/ *Christopher H. Avery*
Christopher H. Avery